Opinion
WILSON, J.
Facts
In December 1967, the appellant, Johnnie Mims, executed a condi *Supp. 14 tional sales contract for the purchase of a Ford automobile. The purchase price was $1,974.50 exclusive of insurance and finance charges. In August 1968, the appellant became in default and in October 1968, the Bank of America repossessed the automobile. The automobile was' subsequently sold at wholesale to an Oregon car dealer, the highest of five bidders, for $513. As of the date of the repossession sale, the Kelly Blue Book value for the car was $1,050 wholesale and $1,490 retail.
On July 19, 1972, the respondent brought this action against the appellant to recover the balance due on the contract less the resale price and for interest and attorney’s fees. In his answer, appellant alleged that the automobile was not resold in a commercially reasonable manner. The trial court found that:
“No evidence was admitted as to the condition of the car’s engine, body or interior, at the time of repossession or at the time of its sale to Mallicott Auto Sales; as to whether the Bank of America performed any repair or reconditioning work upon said car after repossession and before resale;
“The only evidence admitted as to the manner of resale of the automobile is that the automobile was stored and was available to dealers to view and bid. Five bids were submitted and the car was sold to Mallicott Auto Sales, of Portland, Oregon, the highest bidder, for $513.00.
“Plaintiffs assignor has performed all of its respective obligations pursuant to said written agreement;...”
The Law
The secured transaction that is the subject of this law suit is governed by the California Uniform Commercial Code sections 9504 through 9507. Section 9504 of the code provides that a.secured party after default may sell repossessed collateral (§ 9504 subd. (1)) and seek a deficiency from the debtor (§ 9504 subd. (2)) but the secured party must at all times act in good faith and in a commercially reasonable manner, (§ 9504 subd. (3)). Every aspect of the sale, including the method, manner, time, *Supp. 15 place, and terms must be commercially reasonable. (Cal. U. Com. Code, § 9504, com. 6.)
Where, as here, the collateral was purchased at retail and sold privately at wholesale for less than 50 percent of the wholesale Blue Book value, and there is no evidence explaining the substantial discrepancy between price received and value, the sale was unreasonable as a matter of law, for failure to use “best efforts” to obtain the highest possible price for the collateral is a breach of the secured party’s obligation to act in good faith and in a commercially reasonable manner. (Elster Sales v. El Bordero Hotel, Inc. (1967) 250 Cal.App.2d 258 [58 Cal.Rptr. 492].)
Under the code, the creditor must at all times act in good faith and in a commercially reasonable manner, and every aspect of the sale must be commercially reasonable. (Cal. U. Com. Code, § 9504.) This includes the method, manner, time, and terms óf sale. (Cal. U. Com. Code, com. 6.) Since compliance with the California Uniform Commercial Code is essential to the plaintiffs claim for relief, the burden of pleading and proving that issue is on the plaintiff. (Evid. Code, § 500; Atlas Thrift Co. v. Horan, 27 Cal.App.3d 999, 1009 [104 Cal.Rptr. 315, 59 A.L.R.3d 389].) Furthermore, since the manner and method of resale is evidence primarily, if not exclusively, within the knowledge of the seller, the courts have consistently held that the plaintiff in a deficiency judgment action must prove that the sale was conducted as required by the code. (See generally, Cal. Evidence Code Manual (Cont. Ed. Bar) § 500, at p. 80.)
If the plaintiff fails to offer any evidence that the sale was properly conducted and that the price obtained was reasonably related to the value of the collateral, the value of the collateral is presumed to equal the amount of the debt and there can be no recovery of a deficiency. (Atlas Thrift Co. v. Horan, 27 Cal.App.3d 999, 1006 [104 Cal.Rptr. 315, 59 A.L.R.3d 389].)
Plaintiff in the present case pled only that the defendant’s automobile was repossessed, a notice of sale was sent, and the automobile was sold for $513.66. At trial, the only evidence bearing on the manner of resale was that the automobile was stored, was available for inspection, and five bids were submitted.
*Supp. 16 Such scant proof is, as a matter of law, insufficient to support a deficiency judgment.
The judgment is reversed.
Bostich, P. J., and Hayes, J., concurred.